UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKHURST INCOME FUND I LP,

Plaintiff,

v.

FIDELITY NATIONAL TITLE
INSURANCE COMPANY,

Defendant.

Case No.  26-cv-03797-JSC

**ORDER TO SHOW CAUSE TO
DEFENDANT RE: DIVERSITY
JURISDICTION**

Re: Dkt. No. 1

United States District Court
Northern District of California

On April 30, 2026, Defendant removed this action from San Mateo Superior Court to federal court based on diversity jurisdiction.  (Dkt. No. 1.)[1]  The action was reassigned to this Court on May 8, 2026.  (Dkt. No. 10.)

A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction.  *See* 28 U.S.C. § 1441(a).  The defendant seeking removal "bears the burden of establishing that removal is proper," and the "removal statute is strictly construed against removal jurisdiction."  *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  A federal court also has an independent obligation to satisfy itself it has federal subject matter jurisdiction.  *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004).  A case removed to federal court must be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  *See* 28 U.S.C. § 1447(c).

Diversity subject matter jurisdiction requires complete diversity of citizenship and an amount in controversy in excess of $75,000.  *See* 28 U.S.C. § 1332(a)(1); *see also Kuntz v. Lamar*

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

*Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004) (explaining diversity jurisdiction requires "complete diversity of citizenship between the parties opposed in interest").  Defendant's removal asserts diversity jurisdiction because Plaintiff is "a Delaware limited partnership," and Defendant is a "corporation with its principal place of business in Florida."  (Dkt. No. 1 at 7-8.)[2]  Plaintiff's complaint also alleges Plaintiff "is a Delaware limited partnership with its principal place of business in [] California," and Defendant "is a title insurance company doing business in California."  (Dkt. No. 1-1 at 5.)  However, neither Defendant's removal nor Plaintiff's complaint properly allege the parties' citizenship.  Because Plaintiff is a limited partnership, its citizenship is determined by its members.  *See Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 64 (9th Cir. 2011) ("[A] limited partnership is a citizen of all the states in which its partners are citizens." (citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006))).  And because Defendant is a corporation, its citizenship depends not only on its principal place of business but also its state of incorporation.  *See Johnson*, 437 F.3d at 899 ("[A] corporation is a citizen [] of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." (citing 28 U.S.C. 1332(c)(1))).  Absent citizenship allegations related to Plaintiff's members and Defendant's incorporation, the Court cannot conclude there is complete diversity.

So, the Notice of Removal does not satisfy Defendant's burden in showing complete diversity—and therefore federal subject matter jurisdiction—exists.  Accordingly, on or before **May 18, 2026**, Defendant is ORDERED TO SHOW CAUSE why this action should not be remanded for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: May 11, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge

---

[2] Although Plaintiff also states claims against Doe defendants, their citizenship is disregarded for removal and diversity jurisdiction purposes.  *See Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989) (citing 28 U.S.C. § 1441(a)).

2