UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKHURST INCOME FUND I LP,

Plaintiff,

v.

FIDELITY NATIONAL TITLE
INSURANCE COMPANY,

Defendant.

Case No. 26-cv-03797-JSC

**ORDER RE: MOTION TO REMAND**

Re: Dkt. No. 19

Plaintiff sued Defendant in San Mateo County Superior Court, and Defendant removed based on diversity jurisdiction. (Dkt. No. 1.)[1] Plaintiff now moves to remand. (Dkt. No. 19.) Having carefully considered the parties' submissions, the Court considers oral argument unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the July 2, 2026 hearing, and GRANTS Plaintiff's motion to remand for lack of subject matter jurisdiction.

**DISCUSSION**

I.      **MOTION TO REMAND**

A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). The defendant seeking removal "bears the burden of establishing that removal is proper," and the "removal statute is strictly construed against removal jurisdiction." *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). A case removed to federal court must be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *See* 28 U.S.C. § 1447(c). Diversity subject matter jurisdiction requires complete

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

diversity of citizenship and an amount in controversy in excess of $75,000. *See* 28 U.S.C. § 1332(a)(1); *see also Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004) (explaining diversity jurisdiction requires "complete diversity of citizenship between the parties opposed in interest").

Because Plaintiff is a limited partnership, its citizenship is determined by the citizenship of all its members, including limited partners. *See Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 64 (9th Cir. 2011) ("[A] limited partnership is a citizen of all the states in which its partners are citizens." (citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006))); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) ("[D]iversity jurisdiction . . . depends on the citizenship of 'all the members.'" (citation omitted)). Plaintiff declares it has 118 limited partners who are citizens of Florida, so Plaintiff is a citizen of Florida. (Dkt. No. 21 ¶ 5.) As a corporation, Defendant is a citizen of "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *See Johnson*, 437 F.3d at 899 (citing 28 U.S.C. 1332(c)(1)). Because Defendant is incorporated in Florida and has its principal place of business there, Defendant is a citizen of Florida. (Dkt. No. 1 ¶ 30; Dkt. No. 15 at 4.) As both Plaintiff and Defendant are Florida citizens, complete diversity of citizenship does not exist, so the Court does not have subject matter jurisdiction.

Defendant asks the Court to either (1) deny Plaintiff's motion to remand because Plaintiff's declaration regarding its limited partners is insufficient evidence of Plaintiff's citizenship, or (2) allow Defendant to conduct discovery into Plaintiff's citizenship. But on a motion to remand, the defendant bears the burden of establishing, by a preponderance of the evidence, that a federal court has subject matter jurisdiction. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996). And Defendant's evidence Plaintiff's general partner is a California citizen, (Dkt. No. 25 at 3-4), does not contradict Plaintiff's evidence it also has limited partners who are Florida citizens. So, Defendant's arguments are unavailing.

Because Defendant has failed to show the Court has subject matter jurisdiction, the Court grants Plaintiff's motion to remand.

United States District Court
Northern District of California

2

United States District Court
Northern District of California

## II.   REQUEST FOR FEES AND COSTS

Plaintiff also seeks $3,252.15 in attorney's fees.  District courts have discretion following an order remanding a removed case to state court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  But "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)).  "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."  *Martin*, 546 U.S. at 140.

However, "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorneys' own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Camancho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (quotation marks and citation omitted).  The party requesting fees also bears "the burden of submitting billing records to establish that the number of hours" requested are reasonable.  *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).

Here, in support of Plaintiff's requested attorney's fees, Plaintiff's two counsel declare their hourly rates are $825 and $706.50.  (Dkt. No. 20 ¶ 4.)  They also declare they have spent, respectively, "3.0 hours researching and drafting the motion" and "1.1 hours working on the motion."  (*Id.*)  Plaintiff's counsel does not explain why their hourly rates are reasonable or present billing records establishing their hours expended were reasonable.  So, regardless of whether Defendant had an objectively reasonable basis for removal, Plaintiff has not met its burden of showing its request for $3,252.15 in attorney's fees is reasonable.

## CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's motion to remand for lack of

3

subject matter jurisdiction and REMANDS the case to the Superior Court of the State of California for the County of San Mateo. The Court further orders that the court file in this case be transferred by the clerk of this Court to the clerk of the State Court, along with a certified copy of this Order of Remand. The State Court may thereupon proceed with this case.

This Order disposes of Docket No. 19.

**IT IS SO ORDERED.**

Dated: June 24, 2026

JACQUELINE SCOTT CORLEY
United States District Judge